**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zahra Ahmadi,<br><br>        Plaintiff,<br><br>v.<br><br>Angelica Alfonso-Royals, et al.,<br><br>        Defendants. | No. CV-25-02211-PHX-DJH<br><br>**ORDER** |

Plaintiff Zahra Ahmadi ("Plaintiff") has filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that she is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow her to proceed *in forma pauperis* ("IFP"). The Court will proceed to screen Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2).

**I.    Legal Standard**

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

  (i)    is frivolous or malicious;

  (ii)   fails to state a claim on which relief may be granted; or

  (iii)  seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*,

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, 'the defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe pro se filings liberally when

---

§ 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. Coll. Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP Complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Auto. Grp., Inc.*, 2013 WL 97767, at *2 n.1 (D. Idaho Jan. 8, 2013).

evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

## II.   Discussion

Plaintiff states that she has been waiting 1039 days for the U.S. Citizenship & Immigration Services ("USCIS") to process her asylum petition even though federal law provides that asylum applications of Afghan evacuees paroled into the United State between July 31, 2021, and September 30, 2022, must be processed within 150 days. (Doc. 1 at ¶ 1). Plaintiff states that she was paroled into the United States on August 29, 2021, as part of Operation Allies Refuge ("OAR"). (*Id*. at ¶ 2). She brings claims under the Administrative Procedures Act ("APA"), 5 U.S.C. § 555(b) and for a Writ of Mandamus, 28 U.S.C. § 1361. (*Id*. at ¶¶ 37–54). The Court will screen each claim in turn to determine if they may proceed.

### A.   The APA

The APA generally "does not provide an independent basis for subject matter jurisdiction[.]" *Tucson Airport Auth. v. Gen. Dynamics Corp*., 136 F.3d 641, 645 (9th Cir. 1998). However, under 5 U.S.C. § 706(1), federal courts have jurisdiction to review a claim that agency action has been "unlawfully withheld or unreasonably delayed." *Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021) (quoting 5 U.S.C. § 706(1)). Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a ***discrete*** agency action that it is ***required*** to take." *Norton v. S. Utah Wilderness All*., 542 U.S. 55, 64 (2004) (emphasis added). So, "[a] court can compel agency action under this section only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, 811 F.3d 1068, 1075–76 (9th Cir. 2016) (citations omitted)).

Plaintiff alleges that Defendants "have a clear mandatory, non-discretionary duty to adjudicate the asylum applications filed before them." (Doc. 1 at ¶ 39 (citing *Yilmaz v. Jaddou*, 697 F. Supp. 3d 951, 957 (C.D. Cal. 2023); *Karapetyan v. Mayorkas*, , 2025 WL 665651, at *3 (C.D. Cal. Feb. 5, 2025); *see also Vietnam Veterans*, 811 F.3d at 1079

(explaining that "discretion in the manner in which the duty may be carried out does not mean that the [Agency] does not have a duty to perform a 'discrete action' ")). She also alleges Defendants had a duty to adjudicate her asylum application within 150 days, but that they have failed to carry out this duty without justifying this failure. (*Id.* at ¶ 40). Plaintiff also notes that she filed her asylum application on August 29, 2021, and has been waiting 1039 days for her application to be processed as of the date of her Complaint. (*Id.* at ¶ 1).

Indeed, Section 2502 of the Extending Government Funding and Delivering Emergency Assistant Act mandates that:

> With respect to an application for asylum under section 208 of the Immigration and Nationality Act (8 U.S.C. 1158) filed by [a citizen or national of Afghanistan (or a person with no nationality who last habitually resided in Afghanistan)] the Secretary of Homeland Security shall—
>
> (1) conduct the initial interview on the asylum application not later than 45 days after the date on which the application is filed; and
>
> (2) in the absence of exceptional circumstances, ***issue a final administrative adjudication on the asylum application within 150 days after the date the application is filed.***

Extending Government Funding and Delivering Emergency Assistant Act, Pub. L. No. 117-43, § 2502(c), 135 Stat. 344, 377 (2021) (emphasis added). Furthermore, under the Immigration and Nationality Act ("INA"), once an asylum application is filed, USCIS is required to hold an interview within 45 days and adjudicate the application within 180 days unless there are "exceptional circumstances" under the INA. *See* 8 U.S.C. §§ 1158(d)(5)(A)(ii) & (iii).[3] "The use of the word 'shall' with respect to adjudication of an

---

[3] The Court notes that it may review Plaintiff's APA claims because the "no private right of action" provision contained in the INA, 8 U.S.C. § 1158(d)(7) (prohibiting private substantive or procedural rights of action), does not negate the discrete agency action required of USCIS. *See Kullab*, 2025 WL 901943, at *2 (citing *Denisov v. Mayorkas*, 2024 WL 3522047, at *3 (N.D. Cal. July 23, 2024); *see also Varol v. Radel*, 420 F. Supp. 3d 1089, 1096 (S.D. Cal. 2019) (finding "[w]hile [§ 1158(d)(7)] denies Plaintiff any private cause of action under the INA, the Court retains subject matter jurisdiction" because "unlike other subsections of the INA, § 1158(d)(7) does not expressly preclude judicial review.").

- 4 -

asylum application and the time frame for conducting an interview for an asylum application in the statute and regulations demonstrates that the adjudication of asylum applications is ***not*** a discretionary act." *Hui Dong v. Cuccinelli*, 2021 WL 1214512, at *2 (C.D. Cal. Mar. 2, 2021) (emphasis added); *see also Ou v. Johnson*, 2016 WL 7238850, at *3 (N.D. Cal. Feb. 16, 2016) ("[P]rocessing [plaintiff's] asylum application was a 'discrete agency action that [USCIS was] required to take.'").

Upon review, the Court finds that Plaintiff has plausibly alleged a claim for relief under the APA as she has alleged that Defendants (1) have a duty to take a discrete action and (2) have unreasonably delayed taking said discrete action: processing her asylum claim. *See Plaskett*, 18 F.4th at 1081; *see also Kullab v. United States Dep't of Homeland Sec.*, 2025 WL 901943, at *2 (N.D. Cal. Mar. 25, 2025) ("As of September 2021, USCIS is required to adjudicate applications from Afghan nationals on a mandatory, nondiscretionary timeline.").

### B. The Mandamus Act

Plaintiff also seeks to compel Defendants to perform a duty under the Mandamus Act. (Doc. 1 at ¶¶ 49–54). A district court has original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Such relief "is available . . . only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). The Mandamus Act "is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and only if the defendant owes him a nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 603–04 (1984).

Plaintiff asserts that she is entitled to Mandamus relief because (1) she is within the class of vulnerable noncitizens Afghans paroled into the United States between July 31, 2021, and September 30, 2022; (2) Defendants have a mandatory duty to adjudicate Ms. Ahmadi's asylum application within 150 days of filing, absent exceptional circumstances;

and (3) she has exhausted all other available remedies. (Doc. 1 at ¶¶ 51–53).

The INA expressly prohibits a private right of action based on the government's failure to comply with the timeframes for setting an interview or issuing a decision on an asylum application set forth in Section 1158(d)(5)(A)(ii)-(iii). 8 U.S.C. § 1158(d)(7). Other district courts within this circuit have refused to dismiss a plaintiff's APA claim because of the "no private right of action" provision, but have concurrently found that this provision bars a Mandamus claim. *See Hui Dong*, 2021 WL 1214512, at *2–3 ("Accordingly, the Court denies Defendants' Motion to dismiss Plaintiff's APA claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) . . . Accordingly, the Court dismisses Plaintiff's Mandamus Act claim for lack of jurisdiction."). That is because plaintiffs asserting their "clear and certain claim" fail to satisfy this prong due to the no private right of action provision contained in Section 1158(d)(7). *See id*. (citing *Siwen Zhang v. Cissna*, 2019 WL 3241187, at *4 (C.D. Cal. Apr. 25, 2019)).

Here, Plaintiff specifically asserts that she has a right to a timely adjudication of her claim under Section 2502 of the Pub. L. No. 117-43, 135 Stat. 344 **and** the INA. (Doc. 1 at ¶ 52). Because Plaintiff seeks relief under the Mandamus Act through the INA, which contains a no private right of action provision (8 U.S.C. § 1158(d)(7)), her claim for relief fails because she cannot satisfy the first prong regarding a "clear and certain" claim as required under the Mandamus Act. *See Hui Dong*, 2021 WL 1214512, at *3; *see also Kullab*, 2025 WL 901943, at *4 ("Courts in this District have consistently held that the INA's prohibition of private rights of action precludes claims for Mandamus relief seeking to force adjudication of asylum applications.") (collecting cases).

### III. Conclusion

In sum, after screening Plaintiff's IFP Complaint under 28 U.S.C. § 1915(e)(2), the Court finds that her claim under the Administrative Procedures Act, 5 U.S.C. § 555(b), may proceed but her Mandamus claim under 28 U.S.C. § 1361 cannot.

Accordingly,

**IT IS HEREBY ORDERED** that the Application to Proceed in District Court

Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's second claim for Mandamus relief (Doc. 1 at ¶¶ 49–54) is **DISMISSED**. Only her first claim under the Administrative Procedures Act remains. Plaintiff must serve a copy of this Order with her Complaint and Summons.

Dated this 27th day of June, 2025.

Honorable Diane J. Humetewa
United States District Judge